**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LARRY LINDSEY,

Plaintiff,

-v- 6:25-CV-982 (AJB/PJE)

BRIGGS & STRATTON LLC *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

LARRY LINDSEY
Plaintiff, Pro Se
P.O. Box 3
Rome, NY 13442

**Hon. Anthony Brindisi, U.S. District Judge:**

**<u>ORDER ON REPORT & RECOMMENDATION</u>**

On July 24, 2025, *pro se* plaintiff Larry Lindsey ("plaintiff") filed this employment discrimination action against his former employer and a number of employees who were allegedly involved in, among other things, his wrongful termination. Dkt. No. 1. Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 5.

On September 18, 2026, U.S. Magistrate Judge Paul J. Evangelista granted plaintiff's IFP Application and, after an initial review of the pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with *partial* leave to amend. Dkt. No. 7. As Judge Evangelista explained, plaintiff might be able to plausibly allege one or more Title VII claims against his former employer. *Id.* So those claims should be dismissed *with* leave to amend. But Judge Evangelista concluded that plaintiff could not bring any Title VII claims against the

individual defendants, since that statute does not permit claims for individual liability. *Id.* So those claims should be dismissed *without* leave to amend. *Id.*

Likewise, Judge Evangelista concluded that plaintiff might be able to plausibly allege one or more claims under New York Labor Law. *Id.* So those claims should be dismissed *with* leave to amend. *Id.* However, Judge Evangelista determined that plaintiff's other claims, including any claims pursuant to Megan's Law, could not be pursued against a private employer or any of its employees. *Id.* So those claims should be dismissed *without* leave to amend. *Id.*

Plaintiff has lodged objections to the R&R. Dkt. No. 8. There, plaintiff takes umbrage with certain statements or findings and conclusions made in the R&R. The Court has considered plaintiff's objections and concludes that they do not provide any basis on which to reject or modify the R&R. However, the Court notes that, to the extent plaintiff believes that Judge Evangelista misunderstood or misconstrued certain of his factual allegations, plaintiff will be provided an adequate opportunity to clear things up—by timely filing, if he so desires, an amended complaint that conforms with the guidance in the R&R. Thus, upon *de novo* review, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 7) is ACCEPTED;

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with partial leave to amend as set forth above and as explained in more detail in the R&R;

3. Plaintiff shall have thirty (30) days in which to file an amended complaint;

4. If plaintiff timely files an amended complaint, the Clerk is directed to REFER the file to Judge Evangelista for further action as appropriate; and

5. If plaintiff does not timely file an amended complaint, the Clerk is directed to enter a judgment dismissing this action and close the file without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motion and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated: October 21, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge